UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY KORNFELD,<br><br>            Petitioner,<br><br>   v.<br><br>G. PUENTES,<br><br>            Respondent. | No. 1:19-cv-00263-JLT (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION FOR SUMMARY JUDGMENT [Doc. 1, 2]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On February 25, 2019, Petitioner filed a petition for writ of habeas corpus in this Court, as well as a motion for summary judgment. (Docs. 1, 2.) The petition and attached documents indicate that Petitioner is serving a 60-month sentence for conspiracy in violation of 18 U.S.C. § 371. (Doc. 1 at 81.) His projected release date after crediting his sentence with Good Conduct Time ("GCT") is September 7, 2019. (Doc. 1 at 81.) Petitioner complains that the Bureau of Prisons ("BOP") has failed to immediately recalculate his sentence and correct his award of GCT credit according to the First Step Act of 2018, S. 756, 115th Cong. (2018). He further contends that with a proper calculation, he would be eligible and should be released "to home, halfway house, or other forms of community release as may be available and proper . . ." (Doc. 1 at 3.) For reasons discussed below, the Court recommends that the motion be DENIED and the petition be

1

SUMMARILY DISMISSED.

**DISCUSSION**

**A .     Motion for Summary Judgment**

Summary judgment is a procedural device available for prompt and expeditious disposition of controversy without trial when there is no dispute as to material fact. See Advisory Committee Notes, Fed.R.Civ.P. 56, 1963 Amendment ("The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). Thus, its purpose is to prevent the need for trial over facts that are not legitimately in dispute. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see also Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442 (1995). In a habeas proceeding, the petitioner does not proceed to "trial." Since the passage of AEDPA, a habeas petitioner is rarely entitled to an evidentiary hearing. Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Whatever beneficial role summary judgment may have played in habeas proceedings prior to AEDPA is now virtually non-existent. For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. Thus, motions for summary judgment are inappropriate in federal habeas proceedings. See, e.g., Johnson v. Siebel, 2015 WL 9664958, at *1 n.2 (C.D.Cal. Aug. 4, 2015); Mulder v. Baker, 2014 WL 4417748, at *1–*2 (D.Nev. Sept. 8, 2014); Gussner v. Gonzalez, 2013 WL 458250, at *3–*5 (N.D.Cal. Feb. 5, 2013); Ordway v. Miller, 2013 WL 1151985, at *1 (E.D.Cal. Mar. 19, 2013).

Summary judgment is inappropriate in this case. Moreover, for reasons that follow, the Court finds the petition should be dismissed.

**B.      Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

2

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

**C.      Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Petitioner alleges that the BOP has failed to calculate his sentence properly in light of the recently enacted First Step Act of 2018. He also contends he is eligible and should be placed in a halfway house or other community facility for the remainder of his sentence. Petitioner is challenging the execution of his sentence rather than its imposition; therefore, the claims are proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Taft Correctional Institution ("TCI") in Taft, California, and Taft lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

**C.      Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the petition and attached documents, it appears Petitioner has submitted two requests for administrative remedies to the Warden at TCI. (Doc. 1 at 15-17, 19-20.) The Warden denied the requests on January 17, 2019, and January 30, 2019. (Doc. 1 at 13, 18.) It does not appear that Petitioner has sought relief at the intermediate level which would have required filing a BP-10, or at the third level of review which would have required filing a BP-11. Thus, the claims have not been administratively exhausted and the petition should be dismissed for lack of exhaustion.

**D.     Good Conduct Time Credits**

The gravamen of Petitioner's two claims is that the First Step Act of 2018 mandates awarding a full 54 days per year of GCT rather than the 47 days the BOP customarily awarded according to 18 U.S.C. § 3624(b). Petitioner is correct that Section 102(b)(1) of the First Step

4

Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, but this provision has not yet taken effect. Per Section 102(b)(2) of the Act, the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July of 2019. For this reason, Petitioner's claim that the BOP must immediately recalculate sentence pursuant to the First Step Act is meritless.

**E.     Placement in Halfway House**

Petitioner claims that the recalculation of his sentence pursuant to the First Step Act would mandate that the BOP place him in a halfway house or other reentry center for the maximum amount of time available. However, the First Step Act does not mandate that the BOP place prisoners in a halfway house for six months or any other period. Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled nor guaranteed such placement for any minimum amount of time. 18 U.S.C. § 3624(c). See Berry v. Sanders, 2009 WL 789890, at *6-*7 (C.D. Cal. March 20, 2009); Guss v. Sanders, 2009 WL 5196153, *4 (C.D. Cal. Dec. 29, 2009). Instead, the determination whether an inmate is eligible is within the discretion of the BOP. Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011) (Individualized determinations whether an inmate is eligible for residential drug treatment program pursuant to 18 U.S.C. § 3621 is within discretion of BOP); Mohsen v. Graber, 583 Fed.Appx. 841, 842 (9th Cir. 2014) (Applying Reeb in the context of individualized determination concerning eligibility for residential reentry center under § 3621). The First Step Act does not alter this rule.

The Court also notes that the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review. See Reeb, 636 F.3d at 1227 (holding that 18 U.S.C. § 3625 precludes judicial review of "any determination" by the BOP made pursuant to 18 U.S.C. §§ 3621–3625). Thus, any challenge

5

to the BOP's discretionary decision with respect to whether petitioner is eligible for maximum sentence reduction pursuant to § 3621(e)(2)(B) is not reviewable by this Court.

**ORDER**

The Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the motion for summary judgment be DENIED and the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 28, 2019**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE