UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY JAN KORNFELD,<br><br>    Petitioner,<br><br>    v.<br><br>G. PUENTES,<br><br>    Respondent. | No. 1:19-cv-00263-DAD-JLT (HC)<br><br><br>ORDER |

On February 25, 2019, petitioner Ray Jan Kornfeld, proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241 and a motion for summary judgment, both of which seek an order recalculating his sentence and correcting his award of good time credits pursuant to the First Step Act of 2018 (the "Act"), S. 756, 115th Cong. (2018). (Doc. Nos. 1, 2.) On March 1, 2019, the assigned magistrate judge issued findings and recommendation, recommending that both the petition and petitioner's motion for summary judgment be denied. (Doc. No. 6.) Specifically, the magistrate judge found that: petitioner had not exhausted his administrative remedies; the provision of the Act relied upon by petitioner had not yet taken effect; and the Act did not require the Bureau of Prisons ("BOP") to place him in a halfway house or other residential reentry center. (*Id.* at 4–5.) On March 13 and 20, 2019, petitioner filed objections to the findings and recommendations. (Doc. Nos. 7, 9.) On May 9, 2019, pursuant to General Order No. 595 dated January 9, 2019, the

1

magistrate judge ordered the Clerk of the Court to serve courtesy copies of the petition and the findings and recommendations on the Office of the Federal Defender for the Eastern District of California (the "Federal Defender").  (Doc. No. 10.)  Thereafter, on June 10, 2019, the Federal Defender filed objections to the pending findings and recommendations on petitioner's behalf. (Doc. No. 13.)  On June 17, 2019, Assistant Federal Defender Ann McClintock appeared in this action on behalf of petitioner.  On September 11, 2019, petitioner filed notice of his release from the Bureau of Prisons, indicating that he was released from custody on August 2, 2019.  (Doc. No. 16.)

It appears that the relief sought has been rendered moot by his release from custody. Petitioner's counsel is therefore directed to inform the court whether the petition has in fact been rendered moot.  If petitioner's counsel believes the petition is not moot, counsel is further directed to address any issues that remain unresolved and authority in support of his continuing claim for relief.[1]  Petitioner's supplemental briefing, if any, shall be filed and served by September 23, 2019.  Respondent's response thereto, if any, shall be filed by September 27, 2019.

IT IS SO ORDERED.

Dated: **September 16, 2019**   /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that in the June 17, 2019 objections to the findings and recommendations, petitioner's counsel argued that, while "BOP recently granted [him] the additional 35 days of good time credits and adjusted his release date to August 3, 2019[,] . . . it has failed to advance his community corrections release date" and that "if [he] prevails on his argument as the First Step Act's effective date, he will have a viable claim to over-serving his sentence, and to relief under 18 U.S.C. § 3583(e)."  (Doc. No. 13 at 8.)  If petitioner is still pursuing such a claim his counsel is directed provide supporting authority for that proposition in any supplemental briefing submitted.

2

3